COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-030-CR

 

 

ROGER MILTON                                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Pursuant to a plea bargain
agreement, Appellant Roger Milton pleaded guilty to the offense of assault
causing bodily injury to a family member with a prior conviction and was placed
on five years= community
supervision.  The State later filed a
motion to revoke Appellant=s community supervision and an amended motion a few days later.  The amended motion alleged that Appellant had
failed to report and failed to pay court costs, supervision fees, a fine, and
attorney=s fees.  After Appellant pleaded
true to the allegation that he did not report to the community supervision
office, the trial court revoked Appellant=s community supervision and sentenced him to four years= confinement.  

Anders Brief

Appellant=s counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  Counsel=s brief and motion meet the requirements of Anders v. California,
386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of
the record demonstrating why there are no arguable grounds for relief.  See Stafford v. State, 813 S.W.2d 503,
510 n.3 (Tex. Crim. App. 1991).  Both the
brief that counsel filed in support of his motion to withdraw and notification
from this court have provided Appellant the opportunity to file a pro se brief,
but he has not done so.  Once Appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court must then review the record to make an independent determination of
whether there is any arguable ground that may be raised on Appellant=s behalf.  Id. at
511.  Only then may we grant counsel=s motion to withdraw.  See
Penson v. Ohio, 488 U.S. 75, 83B84, 109 S. Ct. 346, 351 (1988). 


 








Factual and Procedural
History

On August 15, 2006, Appellant
pleaded guilty to the offense of assault causing bodily injury to a family
member, with a prior conviction alleged to have occurred on April 23,
2006.  Pursuant to a plea bargain
agreement, Appellant was sentenced to four years= confinement, which was suspended, and he was given five years= community supervision and a $400 fine.

 On January 12, 2007, the trial court held a
hearing on the State=s first
amended petition to revoke Appellant=s community supervision.  In its
first amended petition, the State alleged that Appellant had (1) failed to
report to the community supervision office and (2) failed to pay court costs,
supervision fees, a fine, and attorney=s fees.  Appellant pleaded true
to the first paragraph, that he failed to report to community supervision, and
the State waived the second paragraph, that he failed to pay costs and a fine.  After hearing testimony, the trial court
accepted Appellant=s plea of
true to the first paragraph, revoked Appellant=s community supervision, and sentenced him to four years= confinement.

Standard of Review








We review an order revoking
community supervision under an abuse of discretion standard.  Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim.
App. 1983).  In a revocation proceeding,
the State must prove by a preponderance of the evidence that the defendant
violated the terms and conditions of community supervision.  Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993).  The trial court
is the sole judge of the credibility of the witnesses and the weight to be
given their testimony, and we review the evidence in the light most favorable
to the trial court=s
ruling.  Cardona, 665 S.W.2d at
493.  If the State fails to meet its
burden of proof, the trial court abuses its discretion in revoking the
community supervision.  Id. at
493-94.

Discussion

Our review of the record
reveals no jurisdictional defects.  The
indictment conferred jurisdiction on the trial court and provided Appellant
with sufficient notice of the charges against him.  See Tex.
Const. art. V, ' 12(b); Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon 2005); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App.
1997). Further, the enhancement allegation is adequately contained in
the indictment.








The petition to revoke
Appellant=s community
supervision provided Appellant with sufficient notice.  See Tex.
Const. art. V, ' 12;
Duron, 956 S.W.2d at 550B51.  Appellant was represented
by counsel at the hearing concerning his original plea of guilty to the charge
and at the hearing involving revocation of his community supervision.  Our review of the evidence of the revocation
hearing reveals legally sufficient evidence to support the trial court=s finding that Appellant violated the terms and conditions of his
community supervision in the manner recited by the trial court.  There is no evidence in the record indicating
that Appellant=s counsel
did not provide constitutionally required effective assistance of counsel.  See Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984). 
Further, the sentence imposed was within the range provided by law for
the underlying offense.  See Tex. Penal Code Ann. '' 22.01(b)(2)
(Vernon Supp. 2007) (assault causing bodily injury is third degree felony if
committed against a member of defendant=s family and it is
shown that defendant has been previously convicted of an offense against a
member of defendant=s family or household), id. 12.34
(Vernon 2003) (punishment range for third degree felony is two to ten years,
and a fine not to exceed $10,000).  Additionally, Appellant=s sentence did not exceed the terms of community supervision
previously ordered.

 

 

 

 

 

 








Conclusion

Because our independent
review of the record reveals no reversible error, we agree with the
determination of Appellant=s counsel that this appeal is frivolous.  Accordingly, we grant counsel=s motion to withdraw and we affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    MCCOY, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 22, 2008











[1]See Tex. R. App. P. 47.4.